IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01883-PAB-KLM

SEA-ALIS, LLC, and
SCOTT HAND,

    Plaintiffs,

v.

PORTER, INC., an Indiana Corporation,
GRANDER, INC., d/b/a/ CROW'S NEST YACHTS, a California Corporation, and
VOLVO OF THE AMERICAS, INC., a Delaware Corporation,

    Defendants.

---

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

---

This matter is before the Court on plaintiffs' motion for default judgment against defendant Grander, Inc., d/b/a Crow's Nest Yachts ("Grander") [Docket No. 46]. The motion is fully briefed and ripe for disposition.

**I. BACKGROUND**

Plaintiffs initiated this case by filing a complaint on August 7, 2009 [Docket No. 1]. Plaintiffs alleged that Grander was the successor-in-interest to Sundance Marine, a company that allegedly sold plaintiffs a defective yacht. Plaintiffs' complaint asserts claims for breach of express and implied warranties, breach of contract, and unjust enrichment. On September 14, 2009, plaintiffs served Grander with the summons and complaint in San Diego, California [Docket No. 24]. Grander never answered the

complaint. On March 5, 2010, plaintiffs moved for default judgment as to Grander and, on March 10, 2010, the Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) [Docket No. 47]. On July 16, 2010, Grander filed a motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction, which the court struck as untimely [Docket Nos. 68, 70]. On July 30, 2010, Grander filed a brief in opposition to plaintiffs' motion for default judgment, moving to have the default set aside under Fed. R. Civ. P. 55(c) [Docket No. 73], which the Court also struck as violating D.C.COLO.LCivR 7.1C [Docket No. 78]. Eventually, on August 5, 2010, Grander filed an amended opposition to plaintiffs' motion for default judgment, arguing that the motion should be denied for want of personal jurisdiction over Grander [Docket No. 79], to which plaintiffs replied [Docket No. 89].

## II. STANDARD OF REVIEW

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow,* 652 F.2d 274, 276 (2nd Cir.1981)); *Nasious v. Nu-Way Real Estate,* No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). In considering plaintiffs' motion pursuant to Rule 55(b), the decision to enter default judgment is "'committed to the district court's sound discretion. . . .'" *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-*

*Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.*

"Defects in personal jurisdiction, however, are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). Furthermore, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Id.* at 1203. In the Tenth Circuit, where a district court does not have personal jurisdiction, the court must consider whether the interests of justice require transfer to the proper venue in lieu of dismissal. *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

## III. DISCUSSION

### A. Personal Jurisdiction Over Grander

Grander argues that the Court lacks personal jurisdiction over it because it is a California corporation with its principal offices located in California. A declaration from Grander's vice president Peter MacDonald states that Grander has not advertised in Colorado or solicited business in the state and that its target market is the recreational salt water market. Grander is the successor-in-interest of Sundance Marine, another California corporation with its principal place of business in California. Plaintiffs traveled to California to purchase the allegedly defective yacht that is the subject of this lawsuit,

executed a bill of sale for the yacht in California, and took possession of the yacht off the coast of California. It was plaintiffs' intention to store and use the yacht primarily in the Pacific Northwest region.

As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with Due Process. *Pro Axess, Inc., v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). The Supreme Court of Colorado interprets Colorado's long-arm statute to "confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

To satisfy due process, minimum contacts must exist between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Minimum contacts requires that the non-resident defendant have "purposefully availed" itself of the "protection and benefits of the laws of the forum state." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-76 (1985)). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in

the state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Soma Medical Intl v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999).

If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. *Id.* While plaintiff bears the burden of establishing minimum contacts, once plaintiff has made a *prima facie* showing, the burden shifts to defendant to convince the court that an assertion of jurisdiction would be unreasonable. *See id.* at 484, n.26.

Here, plaintiffs cannot establish a *prima facie* showing of minimum contacts between Grander and the state of Colorado. *See id.* Plaintiffs argue that the Court has general jurisdiction over Grander because of Grander's general business contacts with the state. According to plaintiffs, Grander solicits business to the entire world through its website and therefore "most likely sells its products within the state of Colorado." Docket No. 89 at 7. That Grander operates a website, however, is not dispositive of the minimum contacts issue. Rather, the relevant inquiry is whether Grander's website is

"passive," in that Grander has "merely posted information on a site accessible to a user in a different forum," or "interactive," such that Grander is "clearly conduct[ing] business over the Internet between different fora." *SCC Commc'ns Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260-61 (D. Colo. 2002) (citing *Soma*, 196 F.3d at 1296). Plaintiffs' description of Grander's website demonstrates that it is the former, as it provides information about Grander's products but does not allow potential customers to enter into a transaction directly over the Internet. Rather, customers must contact Grander independently to complete the transaction. *See* Docket No. 89 at 7. Therefore, the website alone does not establish minimum contacts between Grander and the state of Colorado.

Plaintiffs analogize this case to *Pegasus Helicopters, Inc. v. General Motors Corp.*, 954 F. Supp. 218 (D. Colo. 1997), where the District of Colorado had personal jurisdiction over a Pennsylvania corporation that conducted very little business in Colorado and where the suit arose out of the sale of a helicopter engine to a Canadian company without any expectation that it would end up in the hands of the Colorado plaintiff. Several facts distinguish the instant case from *Pegasus*, however. Grander has not advertised in Colorado or entered into any business relationships with entities in Colorado, *see id.* at 219, and, most importantly, Grander has not attempted to serve Colorado's market. *See id.* at 221. Rather, Grander specifically targets the recreational salt water market, *see* Docket No. 79-1 at 1, and thus its products are not intended for use in non-coastal states like Colorado. Plaintiffs' analogy to *Pegasus* thus fails and the Court finds that Grander has not purposefully directed its activities toward the state

of Colorado. Therefore, the Court does not have personal jurisdiction over Grander.

### B. Jurisdictional Discovery or Transfer

Plaintiffs submit that, in the event the Court finds it lacks personal jurisdiction to enter default judgment against Grander, it should either allow plaintiffs to conduct limited jurisdictional discovery or transfer the action to the appropriate district court in California. The Court will deny plaintiffs' request for jurisdictional discovery. Beyond inappropriately including a request in the body of a reply in violation of D.C.COLO.LCivR 7.1C, plaintiffs have also "failed to set forth factual allegations that suggest 'with reasonable particularity' the possible existence of requisite contacts with this forum." *See Allison v. Wise*, 621 F. Supp. 2d 1114, 1121 (D. Colo. 2007) (quoting *Regional Airline Mgmt. Sys., Inc. v. Airports USA, Inc.*, No. 06-cv-01758-WYD-CBS, 2007 WL 1059012 at *6 (D. Colo. Apr. 4 2007)).

As for plaintiffs' request for transfer, however, the Court is required to "evaluate[] the possibility of transferring [plaintiffs'] claims" even in the absence of a motion to transfer. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). Section 1631 of Title 28 directs the Court to transfer cases in order to cure jurisdictional defects where "it is in the interest of justice." Factors weighing for transfer instead of dismissal include "that the new action would be time barred," "that the claims are likely to have merit," "and that the original action was filed in good faith rather than after [the] plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (citations omitted).

The first of these factors does not weigh in favor of transfer. Plaintiffs assert four

claims for breach of express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d). The Magnuson-Moss Warranty Act does not contain a statute of limitations and, therefore, courts look to the most closely analogous state statute of limitations when evaluating claims under the Act. *See Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 789 n.6 (8th Cir. 2009). In California, a buyer has four years from tender of delivery to sue for breach of warranty. *See* Cal. Com. Code § 2725(2). Plaintiffs took possession of the yacht on June 4, 2007, and thus the statute of limitations will not run on their Magnuson-Moss Warranty Act claims until June 4, 2011. Similarly, plaintiffs' breach of contract claim is subject to the same statute of limitation and will not expire until June 4, 2011. *See* Cal. Com. Code § 2725(1). Accordingly, if the Court dismisses this action, plaintiffs will still be able to file a timely new action in the proper forum.

However, the second and third factors do weigh in favor of transfer over dismissal. Plaintiffs' claims likely have merit. First, plaintiffs have alleged colorable claims of breach of warranty under California law. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009) (explaining that the Magnuson-Moss Warranty Act requires "plaintiffs to plead successfully a breach of state warranty law"); *see also Keith v. Buchanan*, 173 Cal. App. 3d 13 (1985) (discussing elements of express and implied warranties under California law and applying to purchase of sailboat). Second, plaintiffs have also asserted a colorable claim for breach of contract under California law. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (stating elements for breach of contract under California law). Furthermore, plaintiffs filed their lawsuit in

Colorado in good faith. Although arguably plaintiffs should have suspected that personal jurisdiction issues might arise when suing a California corporation selling salt water yachts in the state of Colorado, given the global nature of contemporary commerce, plaintiffs could not necessarily predict the paucity of Grander's contacts with their home state. Moreover, plaintiffs properly served Grander, but Grander chose not to respond or move to dismiss until nearly ten months later, after plaintiffs had secured an entry of default against it. For Grander to now benefit from a dismissal after this long delay would not serve the interests of justice. Therefore, the Court finds that the interests of justice favor transfer of the case over dismissal.

However, Grander is not the only defendant remaining in this action. Section 1631 allows for transfer of the entire action, not individual claims. Thus, a transfer to cure the jurisdictional defect concerning Grander would require transfer of plaintiffs' claims against all defendants. *See* 28 U.S.C. § 1631 (referring to transfer of the "action"); *Sheldon v. Khanal*, 605 F. Supp. 2d 1179, 1188 (D. Kan. 2008). Plaintiffs have not addressed whether the United States District Court for the Southern District of California would be a convenient forum for defendants Porter, Inc. or Volvo of the Americas, Inc., or whether this forum would have personal jurisdiction over these defendants. Although it is not clear from *Trujillo* to what extent the wishes or convenience of these defendants is relevant to transfer under section 1631, at the very least, the Court must be satisfied that the transferee court has jurisdiction over all the parties. *See Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1239-40 (D. Colo. 2009) (declining transfer where dispute existed as to whether transferee court would have jurisdiction over all defendants). As plaintiffs' request for transfer was

included in its reply to Grander's response, the other defendants have not yet had a chance to weigh in on the issue of transfer and should be afforded the opportunity to do so before transfer is ordered.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Motion for Default Judgment Against Defendant Grander, Inc., d/b/a Crow's Nest Yachts [Docket No. 46] is **DENIED** without prejudice. It is further

**ORDERED** that, on or before **February 11, 2011**, defendants Porter, Inc. and Volvo of the Americas, Inc., may file briefs, limited to ten pages, as to whether the Court should transfer this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1631.

DATED January 28, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge