IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01883-PAB-KLM

SEA-ALIS, LLC, and
SCOTT HAND,

    Plaintiff,

v.

VOLVO OF THE AMERICAS, a Delaware corporation,

    Defendant.

_____

**ORDER GRANTING MOTION TO COMPEL**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' oral Motion to compel the production of certain information that Defendant contends is irrelevant. In compliance with the Court's procedures for resolving discovery disputes, the parties contacted the Court to set a hearing to address the issue. The Court conducted a hearing on July 22, 2011 [Docket No. 135]. The Court directed the parties to submit briefing regarding the dispute. The parties have now done so [Docket Nos. 136 & 137]. Having considered the parties' arguments and supporting documents,

    IT IS HEREBY **ORDERED** that Plaintiff's oral Motion is **GRANTED in part and DENIED in part**. The Court's ruling is explained below.

## I. Background

    This matter involves a dispute about a yacht. Plaintiffs, the purchasers, bring federal claims for breach of express and implied warranties. *See Scheduling Order* [#33] at 5. In

defense of Plaintiffs' claims, Defendant contends that it satisfied its duties pursuant to the applicable warranties and that any ongoing problems with the yacht are the result of damage caused by Plaintiffs. *Id.* at 5-7.

As a preliminary matter, the parties appear to disagree as to the law that applies here. Plaintiffs' warranty claims are asserted pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* "The Magnuson-Moss Warranty Act creates federal standards for warranties provided to buyers of consumer goods. . . . Notwithstanding, causes of action for personal injuries arising out of the sale of allegedly defective products generally remain a matter of state law." *Bush v. Am. Motors Sales Corp.*, 575 F. Supp. 1581, 1582 (D. Colo. 1984) (citing 15 U.S.C. § 2311(b)); *see also Sea-Alis, LLC v. Porter, Inc.*, No. 09-cv-01883-PAB-KLM, 2011 WL 318699, at *4 (D. Colo. Jan. 28, 2011) (recognizing that the Act requires an allegation that defendant violated state warranty laws (citation omitted)). Plaintiffs assert that California law applies to their claims. *Plaintiffs' Brief* [#137] at 4-5. By contrast, Defendant cites to Colorado law. *Defendant's Brief* [#136] at 6. Regardless of the disagreement, I find that I need not decide the issue to resolve the current discovery dispute because my conclusion would be the same under either state's law.[1]

Plaintiff's theory of the case is that "the yacht has proved to be wholly inoperable and dangerous due to unrepaired defects in the Volvo components and not due to any fault of

---

[1] I note that the application of Colorado law arguably makes the relevance of the requested information a closer call given Colorado's requirement that Plaintiff establish that there was, in fact, a defect that Defendant failed to repair. *See Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 744 n.7 (Colo. 1991). Here, Plaintiff's theory is essentially that Defendant failed to identify and repair an unknown defect.

Plaintiffs or any impact damage." *Plaintiffs' Brief* [#137] at 10-11. Plaintiffs also assert that there must be a "root cause" of the many problems experienced with the yacht, Defendant has failed to diagnose and repair the "root cause," and Defendant is therefore liable for breach of (express or implied) warranty. *See id.* Plaintiffs' evidence regarding its theory that an undiagnosed "root cause" is the source of the yacht's many problems is not particularly compelling on the record before me. For example, Plaintiff's expert witness merely speculates that there is some sort of electrical problem that has not been specifically diagnosed. Moreover, he admits that he has not tested the boat to find out whether Defendant's components are faulty or unrepaired and, therefore, only "assumes" that the components are faulty "because they are the common thread that connects all problems." *See Defendant's Brief* [#136] at 3-6. By contrast, Defendant's theory of the case is that the initial problems with the yacht are likely the result of an accident that occurred after Plaintiffs took delivery of the boat. Defendant asserts that even though the cause of the problems is uncertain, Defendant has fully complied with its warranty obligations and the boat is fully repaired. *See id.* at 11.

## II. Discovery Dispute

The present discovery dispute pertains to Plaintiffs' request for information regarding other "boats with similar problems." *See Volvo's Supplemental Discovery Response to Interrogatory No. 23* [Docket No. 136-2] at 6. On September 8, 2010, I ordered Defendant to identify other boats with similar problems, and told the parties to confer to define the appropriate data pool to be provided regarding such boats. *Order* [#88] at 1-2. The apparent result of those discussions was Defendant's production of a spreadsheet providing information about other boats that had problems with defects in the resolver, SUS

3

and 50 amp fuse. *See Plaintiffs' Brief* [#137] at 2. Plaintiffs now contend that Defendant should be compelled to provide information about boats with other defects experienced by Plaintiffs' yacht, including defective sea-strainers, manifold sensors, engine wiring harnesses, PCUs, ECUs, alternators, HCUs and misalignment of the IPS drives.[2] *See id.*

The thrust of the parties' dispute is over whether the additional information is relevant to Plaintiffs' claims pursuant to Fed. R. Civ. P. 26. Generally, the test for allowing discovery of information or documents is whether the information "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas*, 232 F.R.D. at 382 ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

Here, Plaintiffs assert that the yacht's defects

> are in the material and workmanship of the Volvo components, . . . [and] because Volvo destroyed the numerous parts that it replaced, it was impossible for Plaintiffs' experts to conduct component testing. Accordingly, Plaintiffs believe that if other 'similar boats' were experiencing similar problems with Volvo components, and those boats did not have impact damage, then this evidence tends to support Plaintiffs' theory of the case and disprove Defendant's theory of the case.

---

[2] These components are described generally in Plaintiffs' brief, see *Plaintiffs' Brief* [#137] at 6-11, 18-20, and need not be further described here, especially because Defendant does not contest their existence in Plaintiffs' yacht or in other "boats with similar problems."

*Plaintiffs' Brief* [#137] at 17-18.

By contrast, Defendant asserts that while information of this nature may be relevant to a component defect theory, it is not relevant to the warranty claims at issue here. Further, Defendant contends that there is no credible evidence to support Plaintiffs' theory that the boat remains unrepaired. Finally, Defendant contends that Plaintiff's theory that Defendant breached its warranty obligations by failing to detect a "root cause" of the problems is (1) new and (2) utterly unsupported by expert testimony. *Defendant's Brief* [#136] at 11-12. Hence, Defendant asserts that the information sought is not relevant to the subject matter of the litigation, and not likely to lead to the discovery of admissible evidence.

As noted above, Rule 26 allows discovery of information that is relevant or likely to lead to the discovery of relevant evidence. Moreover, Fed. R. Evid. 401 provides that "relevant evidence" means evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Here, I agree that the evidence sought by Plaintiff regarding problems with other Volvo components on similar boats tends to make more probable the existence of undiagnosed and unrepaired electrical problems that are the "root cause" of Plaintiffs' yacht's problems. However, I remain troubled by both a factual and a legal issue relating to the oral Motion. First, the "root cause" theory, as expressed by Plaintiffs' expert, is generally speculative and may not be admissible into evidence. *See* Fed. R. Evid. 702. Second, Plaintiffs fail to explain how the boundaries of breach of warranty claims can be expanded to include liability for an undiagnosed, unspecific alleged defect under either California or Colorado law. Nevertheless, because discovery is broad

and the evidence may help establish that the "root cause" of the yacht's problems was an undiagnosed electrical problem which arguably should have been fixed pursuant to the warranty, the Motion is granted as set forth below.  The Motion is denied in all other respects.

IT IS FURTHER **ORDERED** that on or before **September 19, 2011**, Defendant shall provide all responsive information about boats with similar defects experienced by Plaintiffs' yacht, including defective sea-strainers, manifold sensors, engine wiring harnesses, PCUs, ECUs, alternators, HCUs and misalignment of the IPS drives.

IT IS FURTHER **ORDERED** that Plaintiffs may conduct a deposition of Defendant's agent who has knowledge of the additional "defects" information above for a time period not to exceed two (2) hours.  The deposition shall occur at a time mutually agreeable to all parties, but in no event shall occur later than **October 19, 2011**.  The deposition shall be conducted at Plaintiffs' expense.

IT IS FURTHER **ORDERED** that if any party believes that supplemental expert disclosures are justified by the additional discovery, that party shall file a properly supported motion if the request is unopposed or shall comply with my procedures for handling discovery disputes if the request is opposed.

IT IS FURTHER **ORDERED** that each party shall bear their own expenses in relation to the resolution of this dispute.  While Fed. R. Civ. P. 37 permits an award of expenses to the victorious party, this was a close issue that the Court initially tasked the parties to resolve.  *See Order* [#88] at 2. Moreover, given the history of the dispute and the fact that the relief sought by Plaintiffs has been only partially granted, I find that an award of expenses would be unjust.

Dated: August 22, 2011

           BY THE COURT:

           s/ Kristen L. Mix
           Kristen L. Mix
           United States Magistrate Judge